UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA

-v.-

JAMEKE BROWN,

Defendant.
---------------------------------------------------x

ORDER

14-CR-476-04 (CS)

Seibel, J.

Before the Court is Defendant Jameke Brown's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 510), and the Government's opposition thereto, (Doc. 514).

Defendant was arrested on December 10, 2014 and detained. On February 13, 2018, he was sentenced principally to 120 months' imprisonment. (Doc. 330.) Defendant has served approximately 71 of those 120 months.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1] "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the risk posed by the corona virus to those in prison, combined with his medical condition of "severe asthma," (Doc. 510 at 4), constitutes an extraordinary and compelling reason. Asthma is not among those conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe illness if one contracts COVID-19. The CDC has indicated that moderate-to-severe asthma *might* be a risk factor, but there is no indication that Defendant's asthma is moderate-to-severe. Indeed, there is no indication, apart from Defendant's say-so, that he suffers from asthma at all. His Presentence Report stated that he was in good health and made no mention of asthma. (Doc. 331 ¶ 89.) The Government represents that his Bureau of Prisons health records contain no indication of a history of asthma or any respiratory problems. (Doc. 514 at 6.) In short, Defendant has shown that he suffers from increased risk. And, fortunately, of USP Canaan's 1105 inmates, only seven have tested positive (two of whom have recovered).

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

Defendant is a healthy young man. In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Knight*, No. 10-CR-128S, 2020 WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).

Defendant also argues that he has changed, has a clean disciplinary record, has completed programs and mentored other inmates, and has family support and a plan for when he is released. These are all laudable and bode well for Defendant's future. He should be proud of his accomplishments. But they do not suffice to make his circumstances rise to the level of extraordinary and compelling reason justifying release. *See United States v. Vailes*, No. 16-CR-297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("I commend the defendant on his efforts to rehabilitate himself, but these efforts do not warrant early release."); *United States*

*v. Saleh*, No. 93-CR-181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) ("every inmate should strive for a productive institutional record while incarcerated").[2]

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 510), and send a copy of this Order to Defendant Jameke Brown, No. 71752-054 at: 1) USP Canaan, U.S. Penitentiary, Smart Communications, P.O. Box 30, Pinellas Park, FL 33781; and 2) USPCanaan, U.S Penitentiary, P.O Box 300, Waymart, PA 18472.

Dated: November 1, 2020
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

---

[2]Because I find no extraordinary and compelling reasons, I need not reach the § 3553(a) factors, except to note that the instant case, which was Defendant's sixth conviction, arose from Defendant's participation in a violent gang, including numerous acts of violence, possession of multiple guns and the sale of large quantities of marijuana.