UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAMEKE BROWN,

                Petitioner,

      -against-                                  <u>ORDER</u>

UNITED STATES OF AMERICA,              14-CR-476-4 (CS)

                Respondent.
-------------------------------------------------------x

<u>Seibel, J.</u>

      Before the Court are Petitioner's memorandum in support of his successive motion to vacate sentence under 28 U.S.C. § 2255, (Doc. 530), the Government's opposition, (Doc. 552), and Petitioner's reply, (Doc. 556). I assume the parties' familiarity with the complex procedural history of this case, the issues raised by Petitioner and the standards governing § 2255 petitions.

      I agree with Petitioner that there is a *Davis* problem with Count Three. *See United States v. Davis*, 139 S. Ct. 2319 (2019). The § 924(c) offense in that count may have been *charged* as resting on a crime of violence and a drug trafficking crime, but the § 924(c) *conviction*, on this record, rests only on the crime of violence predicate that is now invalid under *Davis*. The violation is arguably not "substantial and injurious," *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (internal quotation marks omitted), given that Petitioner was sentenced as if he had accepted the First Plea Offer,[1] which did not include a § 924(c) count. And there is no indication that Petitioner would have refused the Third Plea Offer had the § 924(c) count been based on the drug trafficking crime charged in Count Two rather than the crime of violence charged in Count One. *See United States v. Dussard*, 967 F.3d 149 (2d Cir. 2019).

      Nevertheless, given unique posture of this case, the differences between this case and *Dussard* to which P points, the differences between this case and most of the cases on which the Government relies (which, unlike this one, involved robberies of drug dealers), the parties' intent to treat Petitioner as if he had accepted the First Plea Offer, and the § 924(c) conviction remaining "on the books" as to Petitioner but not as to any of his more culpable co-defendants, in an excess of caution I do not regard the violation as harmless.

      Likewise, given the unique circumstances here, the parties' intent, and the Government's seeming waiver of its waiver argument by failing to raise it in the Circuit, in the interests of justice it seems prudent to release D from that waiver, and resentence.

---

    [1] I adopt the terms used by the parties in their briefing.

Although the Government has opposed the Petition, it has not suggested that if it were granted, resentencing should be anything other than plenary. Arguably a plenary resentencing is unnecessary, given that Petitioner was treated at sentencing as if he had accepted the First Plea Offer. The only effect of the § 924(c) count was that instead of sentencing Petitioner to 120 months' imprisonment on the RICO conspiracy in Count One, I sentenced him to 60 months on the RICO conspiracy in Count One and 60 consecutive months on the § 924(c) count in Count Three.[2] Perhaps I could simply vacate the § 924(c) conviction in Count Three and resentence Petitioner to 120 months on the RICO conspiracy in Count One, but given the interdependence of the two sentences, I think it advisable to undertake a plenary resentencing.

For the reasons stated above:

1. The Probation Office is directed to prepare a Supplemental Pre-Sentence Report including revised sentencing guideline calculations and sentencing recommendations as to Count One, and including any available information as to Petitioner's time in custody.

2. The parties are directed to appear on June 22, 2021 at 2:30 pm (subject to adjustment, depending on ability of the local Marshals to produce Petitioner in court on that date and at that time). At that time I will vacate the conviction on Count Three and resentence on Count One. The Government is directed to have Petitioner produced in this District for the sentencing, unless Petitioner, after consultation with his counsel, chooses to proceed remotely (and a remote proceeding can be arranged with his facility) or waives altogether his right to be present for the resentencing. Defense counsel must file a letter setting forth Petitioner's decision in this regard by April 22, 2021. Petitioner's sentencing submission must be filed by June 8, 2021, and the Government's sentencing submission must be filed by June 15, 2021.

SO ORDERED.

Dated: March 19, 2018
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[2] The § 924(c) count also resulted in the imposition of a mandatory $100 special assessment, but it would be easy enough to refund that money (assuming it has been paid) when the count of conviction is vacated.